```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                Civil No. 19-1276(DSD/LIB)
```

Jesseca B.,

       Plaintiff,

v.                                                    **ORDER**

Andrew Saul,
Commissioner of Social Security,

       Defendant.

This matter is before the court upon the objection by plaintiff Jessica B. to the July 1, 2020, report and recommendation of United States Magistrate Judge Leo I. Brisbois (R&R).[1] In the R&R, the magistrate judge recommends that the court grant in part and deny in part plaintiff's motion for summary judgment and deny the motion for summary judgment by defendant Andrew Saul, Commissioner of Social Security (Commissioner). After a de novo review, and for the following reasons, the court overrules plaintiff's objection and adopts the report and recommendation in its entirety.

## BACKGROUND

Plaintiff seeks judicial review of the decision denying her application for social security income (SSI). The complete background of this action is fully set forth in the R&R and will

---

[1] As noted in the R&R, the court's policy is to use only the first name and last initial of non-governmental parties in social security cases.

not be repeated here.  The court will only briefly summarize the history of the present action.

Plaintiff filed an application for SSI on November 14, 2014, alleging the onset of disability on November 1, 2011.  Plaintiff claims disability based on numerous severe mental impairments.  After receiving an initial denial of benefits, an administrative law judge (ALJ) heard her claims in May 2018.  The ALJ concluded that plaintiff was not disabled and issued an order to that effect on July 26, 2018.  Plaintiff appealed to the Social Security Administration Appeals Council, which denied her request for review.

On May 14, 2019, plaintiff filed this action seeking judicial review of the ALJ's denial of benefits.  Both parties moved for summary judgment.  On July 1, 2020, the magistrate judge recommended that the court grant plaintiff's motion to reverse the ALJ's decision, concluding that it was not supported by substantial evidence in the record as a whole.  The magistrate judge further determined that although there is evidence in the record to support a finding that plaintiff is disabled, he could not say "that such a determination can be made as a matter of undisputed fact."  ECF No. 23, at 22.  Thus, rather than immediately award plaintiff benefits, the magistrate judge recommended that the court remand the case to the ALJ for a determination consistent with the findings made in the R&R.  The magistrate judge also recommended denying the

Commissioner's motion.  Plaintiff now objects only to the magistrate judge's recommendation that the case be remanded to the ALJ for further proceedings.  The Commissioner has not objected to the R&R or responded to plaintiff's objection.

## DISCUSSION

The court reviews de novo any portion of the R&R to which specific objections are made.  See 28 U.S.C. § 636(b)(1)(c).  Here, plaintiff only objects to the recommendation that the case should be remanded for further proceedings before the ALJ because there are disputed facts on the issue of whether plaintiff is disabled.

As correctly stated in the R&R, "[i]f a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." Faucher v. Sec'y of Health and Hum. Servs., 17 F.3d 171, 176 (6th Cir. 1994).  "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking."  Id.  Where there is "conflicting evidence" regarding the existence of a disability, the court should remand the matter to the ALJ for further consideration of the record.

3

After reviewing the record, the court is not convinced that there are no disputed facts on the issue of plaintiff's disability, notwithstanding the R&R's determination that the ALJ improperly discounted the opinions of plaintiff's treating physician. As a result, the court must remand this matter to the ALJ for further consideration in light of the findings made in the R&R.

## CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's objection to the R&R [ECF No. 24] is overruled;

2. The R&R [ECF No. 23] is adopted in its entirety;

3. Plaintiff's motion for summary judgment [ECF No. 16] is granted in part and denied in part;

4. Defendant's motion for summary judgment [ECF No. 20] is denied; and

5. The case is remanded to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the R&R and this order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 30, 2020

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court